UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERA SUE TOTZ,

     Plaintiff,

v.                                 Case No.: 8:25-cv-147-WFJ-LSG

FIFTH THIRD BANK, N.A.,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

The defendant Fifth Third Bank, N.A., moves under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Southern District of Ohio based on a forum selection clause. Doc. 26. The plaintiff Vera Sue Totz responds in opposition. Doc. 28. As explained below, I recommend granting the motion and transferring this case to the Southern District of Ohio.

## I.    ALLEGATIONS OF THE COMPLAINT

Totz resides in Florida and holds an account with Fifth Third Bank. Doc. 1 at ¶¶ 4–10. Between April and June 2024, "multiple recipients" debited $29,516.04 from Totz's account without her knowledge or consent. Doc. 1 at ¶¶ 14¶–16. Thirty-four of the debits were "Cash App" transactions to recipients unknown to Totz, while the remaining 112 debits were to stores and merchants not patronized by Totz. Doc. 1 at ¶ 17. Totz notified Fifth Third that the transactions were unauthorized and explained why she believed the transactions were erroneous. Doc. 1 at ¶¶ 20–24.

1

According to Totz, Fifth Third failed to investigate her complaint timely and lacked a reasonable basis for denying a return of her money. Doc. 1 at ¶¶ 25–28. Although some merchants refunded money to Totz, she remains without $24,912.21 debited from her account. Doc. 1 at ¶¶ 30–31.

Totz sues Fifth Third under the Electronic Funds Transfer Act, 15 U.S.C. § 1693m, and demands actual damages, statutory damages, as well as attorney's fees and costs. Doc. 1. Totz alleges that Fifth Third violated (1) Section 1693f(e)(1) by failing to investigate in good faith and by lacking a reasonable basis for denying the return of Totz's money; (2) Section 1693f(e)(2) by knowingly and willfully concluding that Totz's account "was not in error" when such a conclusion was unreasonable based on the evidence; and (3) Section 1693g(a) by holding Totz liable for more than $50 of the unauthorized transfers and by failing to return the money to her account. Doc. 1 at ¶¶ 27–29.

## II.   DISCUSSION

Fifth Third moves to transfer this action based on the terms of Fifth Third's "Deposit Account Rules & Regulations," Doc. 26 at 9–40, which govern Totz's account and which contain a forum selection clause. Doc. 26 at 2, 33. Fifth Third argues (1) that Totz "agreed to the Rules and Regulations when she opened the Account with Fifth Third"; (2) that the forum-selection clause is "mandatory and exclusive"; (3) and that the clause is valid and enforceable. Doc. 26 at 4–6. Totz responds (1) that the forum-selection clause "was imposed through a contract of adhesion," in other words, without an opportunity for negotiation; (2) that the clause

2

creates a substantial burden for Totz; and (3) that public policy favors adjudicating the case here. Doc. 28 at 4–7.

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62–64 (2013) (explaining that a forum selection clause "should control except in unusual cases."). A forum selection clause is "presumptively valid and enforceable unless the plaintiff makes 'a strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). A forum selection clause is invalid only if "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Id.*; *Smith v. Mt. Hawley Ins. Co.*, No. 8:22-cv-1386-CEH-TGW, 2022 WL 16856418, *2 (M.D. Fla. Nov. 10, 2022).

If the parties did not negotiate the forum selection clause, "[a] useful two-part test of 'reasonable communicativeness'" helps to determine whether fraud or overreaching occurred and "takes into account the clause's physical characteristics and whether the plaintiffs had the ability to become meaningfully informed of the clause and to reject its terms." *Krenkel*, 579 F.3d at 1281. For example, in *Krenkel*, the forum selection clause "was not hidden or ambiguous" but "was on a one-page form entitled 'Acknowledgment, Agreement and Release' that contained only eight

3

paragraphs." *Id.* at 1281. The clause "was set apart in a separate paragraph, was in legible type in the same font any type size as the surrounding paragraphs, and began with the words 'I agree.'" *Id.* The language of the clause was "plain" and gave notice that any dispute would be litigated in The Bahamas. *Id.* at 1281–82. Finally, the agreement said in bold, capital letters "'READ BEFORE SIGNING,'" which provided reasonable notice. *Id.* at 1282 (citing *Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1567 (11th Cir. 1990)).

Here, Totz raises no issue with the physical characteristics of the forum selection clause, and none appears from the face of the agreement. Doc. 26 at 9–40. The forum selection clause falls within the second paragraph of section 10.7, entitled "Governing Law, Waiver of Jury Trial." Doc. 26 at 33. The clause explains that, for any claim not submitted to arbitration, the "Customer hereby waives the right to a trial by jury to the extent permitted by law and consents to service of process, personal jurisdiction, and venue in the state and federal courts in Cincinnati, Ohio and Hamilton County, Ohio, and selects such courts as the exclusive forum." Doc. 26 at 33. The clause is neither hidden nor ambiguous. The clause bears the same font, format, and plain language as the rest of the agreement. And the clause falls under a heading in bold font that reasonably announces the importance of its terms.

Furthermore, the document begins with section 1.1., entitled "Your Deposit Contract," and explains that "[t]hese Deposit Account Rules & Regulations . . . create the contract between you and us . . . for your deposit account and your

relationship with us." Doc. 26 at 11. The paragraph urges the customer to read the rules carefully:

> Please read the Deposit Account Rules carefully because they contain the terms of our agreement with you. By signing a signature card, submitting an account application or using any of our deposit account services, you and any other person identified as an owner of the account agree to the terms of our Deposit Account Rules.

Doc. 26 at 11. Accordingly, because the forum selection clause was reasonably communicated to Totz, no fraud or overreaching prevents its enforcement.

To establish inconvenience or unfairness of the selected forum, a plaintiff "'bear[s] a heavy burden of proof.'" *Turner v. Costa Crociere S.p.A.*, 9 F.4th 1341, 1346 (11th Cir. 2021) (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592 (1991)). If the alleged inconvenience was foreseeable at the time of contracting, the plaintiff may prevail "only by showing 'that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *Turner*, 9 F.4th at 1346 (explaining that requiring the plaintiff to pursue his claims in Italy would not subject him to fundamental unfairness) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17–18 (1972)).

Here, Totz argues that the clause creates a substantial burden because she "would be forced to litigate hundreds of miles away in a state with no connection to the events at issue." Doc. 28 at 5. She argues that litigating in Ohio "would impose such a substantial burden that it would amount to a denial of her day in court." Doc. 28 at 6. However, Totz provides no facts, by affidavit or otherwise, supporting this claim. The normal inconvenience of litigating outside one's home state was

foreseeable at the time of the agreement. And Totz offers nothing beyond a blanket assertion to sustain her "heavy burden" of proof that litigating in Ohio deprives her due process. *Turner*, 9 F.4th at 1346. As in *Turner* and as acknowledged by Totz, Doc. 28 at 7, the necessity of travel should be minimal given the prevalence of remote proceedings. Furthermore, a federal court in Ohio is equally capable of adjudicating Totz's federal statutory claims. Accordingly, Totz fails to show that inconvenience or unfairness should prevent a transfer.

Similarly, Totz's public policy argument fails. Moving this action to a forum more convenient for Fifth Third, according to Totz, "would unjustly favor a well-resourced corporation over an individual consumer, contrary to the principles articulated in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)." Doc. 28 at 6. But *Piper* involved no forum selection clause. As explained in *Atlantic Marine*, public policy "will rarely defeat a transfer motion" based on a forum selection clause and, therefore, "the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64. Totz argues that Florida has a strong public policy of protecting consumers, which may be true. But this action rests on federal not Florida law. Therefore, whatever Florida's public policy, it does not control.

### III.    CONCLUSION

Accordingly, based on the foregoing, I recommend granting Fifth Third's motion, Doc. 26, and transferring this action to the Southern District of Ohio based

on the forum selection clause in Fifth Third's "Deposit Account Rules & Regulations." Doc. 26 at 9–40.

REPORTED in Tampa, Florida on this 6th day of May, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).  If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.